1

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7

8                  FOR THE NORTHERN DISTRICT OF CALIFORNIA

9    JESUS MORALES,

10         Petitioner,                         No. C 05-3545 JSW

11   v.

12   A.K. SCRIBNER, Warden,                    **ORDER GRANTING**
                                               **RESPONDENT'S MOTION TO**
13         Respondent.                         **DISMISS FOR FAILURE TO**
     _____/         **EXHAUST STATE REMEDIES**
14

15         Now before the Court is the motion of respondent A.K. Scribner ("Scribner") to dismiss

16   the petition for writ of habeas corpus for failure to exhaust state remedies.  Having carefully

17   reviewed the parties' papers and considered their arguments and the relevant legal authority, and

18   with good cause appearing, the Court hereby GRANTS Scribner's motion.

19                              **BACKGROUND**

20         On March 18, 2003, Petitioner Jesus Morales ("Morales") was convicted of forcible rape

21   and forcible sexual battery under California Penal Code sections 261(a)(2) and 243.3(c).  On

22   May 29, 2003, Morales was sentenced to 10 years in prison.  Morales unsuccessfully appealed

23   his conviction to the First District Court of Appeal of California and the Supreme Court of

24   California.  His final petition for review, to the Supreme Court of California, was denied on

25   February 23, 2005.

26         On September 1, 2005, Morales, a prisoner in the California State Prison, Corcoran,

27   filed a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Morales seeks federal habeas relief

28   by raising the following claims: (1) by preventing the defense from introducing evidence of the

**United States District Court**
For the Northern District of California

1    complaining witness' prior false accusation, the court violated his right to due process of law

2    under the Fifth and Fourteenth Amendments of the United States Constitution; (2) by permitting

3    the prosecution to elicit evidence of the accusation and barring the defense from cross-

4    examination, the court violated Morales' right to due process of law under the Fifth and

5    Fourteenth Amendments and the right to confront and cross-examine witnesses under the Sixth

6    and Fourteenth Amendments; (3) the prosecutor engaged in misconduct by arguing facts outside

7    of the record in his closing argument, violating Morales' right to due process under the Fifth and

8    Fourteenth Amendments; and (4) defense counsel was ineffective in violation of Morales' right

9    to effective assistance of counsel under the Sixth and Fourteenth Amendments.

10          On April 13, 2006, Scribner moved to dismiss Morales' habeas petition for failure to

11   exhaust state remedies.  Specifically, Scribner claims, and Morales concedes, that Morales

12   failed to fully exhaust his claim for ineffective assistance of counsel in violation of the Sixth

13   and Fourteenth Amendments, as the claim was not included in the petition for review before the

14   Supreme Court of California.

**DISCUSSION**

15

16   **A.      Legal Standard for Exhaustion.**

17          Prisoners in state custody who wish to challenge collaterally in federal habeas

18   proceedings either the fact or length of their confinement are required to first exhaust state

19   judicial remedies, either on direct appeal or through collateral proceedings, by presenting the

20   highest state court available with a fair opportunity to rule on the merits of each and every claim

21   they seek to raise in federal court.  28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-

22   16 (1982).  The state's highest court must be given an opportunity to rule on the claims even if

23   review is discretionary.  *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999).  A federal district

24   court must dismiss a federal habeas petition containing any claim as to which state remedies

25   have not been exhausted.  *Rose*, 455 U.S. at 518-19.  Requiring exhaustion of claims provides

26   state courts with "the first opportunity to correct federal constitutional errors and minimizes

27   federal interference and disruption of state judicial proceedings."  *Id.* at 514.  If the petition

28   combines exhausted and unexhausted claims, the district court must dismiss the entire habeas

**United States District Court**
For the Northern District of California

2

petition without reaching the merits of any of its claims.  *Guizar v. Estelle*, 843 F.2d 371, 372 (9th Cir. 1988).  If there is good cause to explain why the claim remains unexhausted, the district court may stay the petition and hold it in abeyance "while the petitioner returns to state court to exhaust his previously unexhausted claims."  *Rhines v. Webster*, 544 U.S. 269, 275 (2005).

Morales presented his ineffective assistance of counsel claim to the court of appeal and the court addressed the claim in a footnote of its opinion.  Morales included the Court of Appeal opinion in an appendix to his petition to the Supreme Court of California.  (Petition for Review to the Supreme Court of California, Appendix at 16.)  However, state appellate courts are not required to read lower court opinions; claims must be presented to the court in the petition or brief.  *Baldwin v. Reese*, 541 U.S. 27, 31-32 (2004).  Requiring otherwise would "force state appellate judges to alter their ordinary course of review," for some legal questions can be decided on the briefs alone, and would also "impose a serious burden upon judges of state appellate courts."  *Id.* at 31.[1]  Because Morales' ineffective assistance of counsel claim was not in the brief, it was not exhausted.  Failure to exhaust mandates dismissal of the mixed petition.  *See Guizan*, 843 F.2d at 372.

**B.      Mere Oversight Does Not Constitute Good Cause for a Stay.**

Morales requests that the district court apply the "stay and abeyance" procedure to his petition.  Application of the "stay and abeyance" procedure is "only appropriate when the district court determines there was good cause for the petitioner's failure to exhaust his claims first in state court."  *Rhines*, 544 U.S. at 277.  District courts within the Ninth Circuit have found "good cause" to require at a minimum a showing of some "circumstance over which [petitioner] had little or no control" that prevented the petitioner from asserting the unexhausted claim in the state courts.  *Ringer v. Crawford*, 415 F. Supp. 2d 1207, 1211 (E.D. Nev. 2006); *see also Hernandez v. Sullivan*, 397 F. Supp. 2d 1205, 1207 (C.D. Cal. 2005) (adopting the

---

[1]Morales' claims can be distinguished from *Insyxiengmay v. Morgan*, 403 F.3d 657, 668 (9th Cir. 2005).  In that case, the court held that petitioner had exhausted his claims when he proceeded pro se and presented his claims in an additional *brief* appended to his brief before the Washington Supreme Court.  *Id.* at 669.  Here, Morales is represented by counsel, and his appendix did not include an alternative brief, but rather only included the lower court opinion, which the higher court was not under any obligation to review.

**United States District Court**
For the Northern District of California

**United States District Court**
For the Northern District of California

"good cause" standard of procedural defaults in which "a petitioner ordinarily must show that the default resulted from an objective factor external to the petitioner which cannot fairly be attributed to him."). Morales notes that the ineffective assistance of counsel claim "was omitted [in the petition to the supreme court] through oversight." (Petitioner's Memorandum in Opposition to Motion to Dismiss at 2.) Because counsel's own oversight was not a factor beyond his control and Morales successfully presented the claim to the court of appeals, the Court determines that the oversight does not constitute good cause for failure to exhaust the ineffective assistance of counsel claim before the Supreme Court of California. On this basis, the Court declines to exercise its discretion to stay the petition and hold it in abeyance while petitioner returns to state court to exhaust his claim. *See Rhines*, 544 U.S. at 275.

## CONCLUSION

In accordance with the foregoing reasons, the Court hereby GRANTS respondent's motion to dismiss. Morales may either: (1) abandon the unexhausted claims and proceed with the petition containing only the exhausted claims; or (2) request dismissal of the entire petition without prejudice and complete exhaustion of his unexhausted claim in state court. He can then file a new federal petition presenting all of his claims, assuming that the petition would not be barred by the statute of limitations. *See* 28 U.S.C. § 2244(d). Morales must file and serve no later than thirty days from the date of this order a notice in which he states whether he elects either to (1) dismiss the unexhausted claims and go forward with only the remaining exhausted claims; or (2) terminate this action and return to state court to complete the exhaustion of all of his claims before returning to federal court to present his claims in a new petition. If Morales fails to comply with this order, this action will be dismissed without prejudice.

**IT IS SO ORDERED.**

Dated:  June 12, 2006

_____
JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

4