IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JESUS MORALES, | No. C 05-3545 JSW |
|     Petitioner, | |
| v. | **ORDER TO SHOW CAUSE RE AMENDED HABEAS PETITION** |
| A.K. SCRIBNER, Warden, | |
|     Respondent. | |

Petitioner Jesus Morales, a state prisoner, has filed an amended petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

## BACKGROUND

Petitioner was convicted in the Superior Court of the State of California of forcible rape, in violation of Penal Code § 261(a)(2) and forcible sexual battery, in violation of Penal Code § 243.4(c). On May 29, 2003, Petitioner was sentenced to a term of 10 years in prison.

Petitioner unsuccessfully appealed his conviction to the First District Court of Appeal of California and with the Supreme Court of California. Petitioner filed his original petition for writ of habeas corpus in this Court on September 1, 2005 and, following a motion to dismiss unexhausted claims, his amended petition on November 13, 2006.

## DISCUSSION

**A.  Legal Standard.**

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in

violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). It shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243.

Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

### B. Petitioner's Legal Claims.

Petitioner seeks federal habeas corpus relief by raising the following claims: (1) by preventing the defense from introducing evidence of the complaining witness' prior false accusation, the court violated Petitioner's right to due process of law under the Fifth and Fourteenth Amendments of the United States Constitution; (2) by permitting the prosecution to elicit evidence of the accusation and barring the defense from cross-examination, the court violated Petitioner's right to due process of law under the Fifth and Fourteenth Amendments and the right to confront and cross-examine witnesses against him under the Sixth and Fourteenth Amendments; and (3) the prosecutor engaged in misconduct by arguing facts outside of the record in violation of Petitioner's right to due process under the Fifth and Fourteenth Amendments. Liberally construed, the claims appear potentially colorable under 28 U.S.C. § 2254 and merit an answer from Respondents.

### CONCLUSION

For the foregoing reasons and for good cause shown:

1. Respondent shall file with the Court and serve on Petitioner, within 60 days of the date of this Order, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued. Respondent shall file with the answer and serve on Petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.

2.	If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated:   December 18, 2006

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE