IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JESUS MORALES,

    Petitioner,

v.

A.K. SCRIBNER, Warden, California State Prison, Corcoran,

    Respondent.

No. C 05-03545 JSW

**ORDER DENYING MOTION TO AMEND**

Now before the Court is Petitioner Jesus Morales' motion to amend his habeas corpus petition pursuant to Federal Rule of Civil Procedure 15(a). Having carefully reviewed the parties' pleadings, considered their arguments and the relevant legal authority, and good cause appearing, the Court hereby DENIES the motion. The Court finds this matter suitable for disposition without oral argument. Civil L.R. 7-1(b).

**BACKGROUND**

On September 1, 2005, Mr. Morales filed a petition for federal habeas relief with this Court based on four claims. (Opp. Br. at 1.) This Court held that one of the four claims, an ineffective assistance of counsel claim, was not properly exhausted at the state level because Mr. Morales failed to raise it in his petition for review with the California Supreme Court. (Order dated June 12, 2006 at 4.) Under *Rhines v. Weber*, 544 U.S. 269 (2005), the Court gave Mr. Morales the option to abandon either the unexhausted claim and proceed with the remaining exhausted claims, or to dismiss the entire action without prejudice in order to exhaust properly

all of his state remedies. (*Id.*) The Court also declined to exercise its discretion to hold the action in abeyance while Mr. Morales exhausted his state remedies. (*Id.*) On July 12, 2006, Mr. Morales chose to abandon the unexhausted claim and proceed with the remaining petition. (Opp. Br. at 2.) On November 13, 2006, Mr. Morales filed an amended petition consisting of the three unexhausted claims. (*Id.*)

On May 10, 2006, Mr. Morales filed a habeas petition with the California Supreme Court for review of his previously unexhausted ineffective assistance of counsel claim. (Br. at 2) The petition was denied on January 24, 2007. (*Id.*) Mr. Morales now moves to amend his previous federal habeas petition to add the ineffective assistance of counsel claim that he asserts is now properly exhausted. Warden A.K. Scribner ("Respondent") opposes the motion. The Court will address additional specific facts as they are relevant to the analysis.

**ANALYSIS**

**A.    Legal Standard for Amendment to a Habeas Petition.**

The Civil Rule governing pleading amendments, Federal Rule of Civil Procedure 15, made applicable to habeas proceedings by 28 U.S.C. § 2242, Federal Rule of Civil Procedure 81(a)(2), and Habeas Corpus Rule 11, allows pleading amendments with leave of court any time during a proceeding. *Mayle v. Felix*, 54 U.S. 644, 654-55 (2005) (citing Fed. R. Civ. P. 15(a)). Rule 15(a) requires written consent of the adverse party or leave of the court to amend a pleading once a responsive pleading has been served. Fed. R. Civ. P. 15(a). In accordance with the liberal pleading standard of the Federal Rules, leave of the court "shall be freely given when justice so requires." *Id.* Though the decision to grant or deny a motion for leave to amend is within the district court's discretion, the general rule is that amendment of the pleadings is permitted unless the opposing party makes a showing of bad faith, undue delay, prejudice to the opposing side, or futility of amendment. *Anthony v. Cambra*, 236 F.3d 568, 577 (9th Cir. 2000); *DCD Programs, Ltd. v. Leighton*, 833 F.2d 183, 186 (9th Cir. 1986); *Forman v. Davis*, 371 U.S. 178, 230 (1962).

**B.     Amendment Is Futile Because the Ineffective Assistance of Counsel Claim Is Not Exhausted.**

A petitioner must exhaust a federal constitutional claim in state court before a federal court may consider the claim. 28 U.S.C. § 2254(b)(1)(A), (c). A habeas petition that is denied by the California Supreme Court on procedural grounds is not exhausted for purposes of filing a federal habeas petition. *Harris v. Superior Court*, 500 F.2d 1124, 1126 (9th Cir. 1974). The Ninth Circuit construes a denial of a habeas petition by the California Supreme Court without comment as a denial on the merits unless the court includes a citation that indicates otherwise. *Gaston v. Palmer*, 417 F.3d 1030, 1038 (9th Cir. 2005).

Here, the California Supreme Court denied Mr. Morales' petition for habeas relief based on his ineffective assistance of counsel claim without comment but with citation to *People v. Duvall*, 9 Cal. 4th 464, 474 (1995). (Paul McCarthy Declaration, Ex. B.) Mr. Morales argues that the ruling by the California Supreme Court with only a citation is not sufficient to conclude that the decision was based on a procedural defect and the Court should construe the denial to be on the merits. (Reply Br. at 3-4.)

In *Duvall*, the Court outlined the pleading requirements in a habeas corpus proceeding. 9 Cal. 4th at 474. In particular, the page cited to by the California Supreme Court in this matter is entitled "A Summary of Habeas Corpus Procedure." *Id.* The cited portion of the case indicates that there is a presumption in favor of the truth of a conviction and the petitioner bears a heightened initial burden to plead facts with sufficient particularity and present evidence to support the alleged facts. *Id.* The Ninth Circuit has interpreted the denial of a habeas petition with citation to *Duvall* to stand for the proposition that a petition is procedurally defective for failure to plead facts with sufficient particularity. *Gaston*, 417 F.3d at 1039 ("in light of its citations to *Swain* and *Duvall*, we read the California Supreme Court's denial of [the defendant's] habeas application as ... a holding that [he] had not pled facts with sufficient particularity."); *see also Payton v. Hubbard*, 195 Fed. Appx. 584, 585 (9th Cir. 2006) (explaining that a defendant "could have stated with particularity the facts upon which he based his claims as *People v. Duvall*, 9 Cal. 4th 464 (1995), requires, but did not.")

3

As such, Mr. Morales' petition was denied by the California Supreme Court for a procedural defect and is not properly exhausted for purposes of filing a habeas petition.

**CONCLUSION**

For the foregoing reasons, the motion to amend is DENIED.[1]  Therefore, the Court HEREBY ORDERS Respondent to file and serve on Petitioner, by no later than June 15, 2007, an answer conforming in all respects to Rule 5 of the Rules Governing Section 2254 Cases, showing cause why a writ of habeas corpus should not be issued.  Respondent is FURTHER ORDERED to file with the answer and serve on Petitioner a copy of all portions of the administrative record that are relevant to a determination of the issues presented by the petition.  If Petitioner wishes to respond to the answer, he shall do so by filing a traverse with the Court and serving it on Respondent within 30 days of his receipt of the answer.

**IT IS SO ORDERED.**

Dated: April 19, 2007

JEFFREY S. WHITE
UNITED STATES DISTRICT JUDGE

---

[1] The Court notes that the parties dispute whether the statute of limitations has expired and whether Mr. Morales has engaged in dilatory tactics to delay the proceedings. (Opp. Br. at 5-6; Reply Br. at 5-7.)  However, the Court will not address these issues because it has denied the motion on other grounds.